__Filed __Received __Entered __Served On
Counsel/Parties of Record

JUN 2 0 2024

Clerk US District Court
District of Nevada
By:_____ Deputy

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DISCOVER GROWTH FUND, LLP, AND JOHN )
KIRKLAND, )
)
Plaintiffs, )
) Case No. 3:20-cv-00012-RAM-RM
v. )
) **3:24-ms-00006**
GBT TECHNOLOGIES, INC., )
)
Defendant. )
_____)

## ORDER

**THIS MATTER** is before the Court upon Plaintiffs' Application to Confirm Arbitration Award (Appl.) (ECF No. 1) and Defendant's Motion to Confirm the Arbitration Award; Address the Outstanding Issue Regarding Whether Plaintiffs' Rights are Subordinated to Other Creditors and, thereafter, Oversee a Commercially Reasonable Foreclosure Sale (Mot.) (ECF No. 28). These matters are fully briefed and ripe for adjudication.[1] For the reasons stated below, the Court will grant Plaintiffs' application and grant, in part, and deny, in part, Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a demand for arbitration initiated by Defendant (formerly known as Gopher Protocol, Inc.) against Plaintiff Discover Growth Funds, LLC (Discover Growth), pursuant to a Securities Purchase Agreement executed between Defendant and said Plaintiff on December 3, 2018. Appl. at 4 and ECF No. 6. Prior to the completion of the arbitration proceedings, Defendant filed a complaint against Discover Growth (*Gopher Protocol, Inc. v. Discover Growth Fund, LLC*, Case Number 2:19-cv-01039-JCM-BNW) in the District Court of Nevada on June 18, 2019, seeking declaratory and injunctive relief regarding the sale of Defendant's assets. *See* Complaint (2:19-cv-01039-JCM-BNW (D. Nev.), ECF No. 1).

---

[1] The record shows that, on March 30, 2022, the Court entered an Order (ECF No. 52), setting the matter for in-person hearing before the Court on April 8, 2022. It appears, in the absence of a subsequent docket entry, that a hearing never was held, and the Court is unable to recall, at this time, the reason therefor. Despite the order, the Court has determined that it is able to resolve the issues presented upon the written submissions of the parties without the necessity of a hearing.

Case: 3:20-cv-00012-RAM-RM    Document #: 53    Filed: 01/25/24    Page 2 of 5
Case 3:24-ms-00006    Document 1    Filed 06/20/24    Page 2 of 5

*Discover Growth Fund, LLC, et al. v. GPT Technologies, Inc.*
Case No. 3:20-cv-00012-RAM-RM
Order
Page 2 of 5

Upon the entry of the final arbitration award and the filing of Plaintiffs' Application in the above-captioned matter, the District Court of Nevada denied Gopher's motion to consolidate the two cases and closed the Nevada case. Order (2:19-cv-01039-JCM-BNW (D. Nev.) ECF No. 80), entered February 27, 2020; Notice of Entry of Order by U.S. District Court, District of Nevada (ECF No. 27).

While both Plaintiffs and Defendant seek confirmation of the arbitration award, Defendant requests additional relief: that the Court determine "what interest, if any, a prospective buyer might acquire at a future foreclosure sale," Mot. at 10, and "oversee any foreclosure sale to assure the same is commercially reasonable." Mot. at 13. Plaintiffs oppose the motion on the ground that these issues were raised before the Arbitrator and the "Arbitrator expressly ruled against Defendant's requests in the Final Award, which disposed of all issues in the arbitration." Plaintiffs' Response to Defendant's Motion to Confirm the Arbitration Award; Address the Outstanding Issue Regarding Whether Plaintiffs' Rights are Subordinated to Other Creditors and, thereafter, Oversee a Commercially Reasonable Foreclosure Sale (Response or Resp.) (ECF No. 36) at 4.

## II. LEGAL STANDARD

It is well-established that "a final and binding arbitration award which has not been vacated, modified, or corrected must be confirmed." *Pocono Med. Ctr. v. JNESO Dist. Council 1*, 2023 U.S. Dist. LEXIS 126497, *3 (M.D. Pa. July 21, 2021) (citing *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) ("'[A] court must confirm an arbitration award unless it is vacated, modified or corrected.'") (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)); *Teamsters Local 177 v. United Parcel Service*, 966 F.3d 245, 252 (3d Cir. 2020) ("The FAA explicitly requires that arbitration awards be confirmed. What could be stronger than language that, upon application, a district court 'must grant [a confirmation] order' unless the arbitration award is 'vacated, modified, or corrected.'")).

Regarding whether an award is "final," the Third Circuit Court of Appeals recently stated:

> We have not previously articulated a test for when an award is final but are persuaded by the approach taken by our sister circuits. Like them, we hold that

Case: 3:20-cv-00012-RAM-RM    Document #: 53    Filed: 01/25/24    Page 3 of 5
Case 3:24-ms-00006-RM  Document 1  Filed 06/26/24  Page 3 of 5

*Discover Growth Fund, LLC, et al. v. GPT Technologies, Inc.*
Case No. 3:20-cv-00012-RAM-RM
Order
Page 3 of 5

> an arbitration award is final if it "evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration," *Fradella*, 183 F.3d at 19, and it "resolve[s] them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box*, 157 F.3d at 176 (emphasis in original).

*PG Publ., Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 322-23 (3d Cir. 2021), *quoted in Pocono Med. Ctr.*, 2023 U.S. Dist. LEXIS 126497, at *4.

### III. DISCUSSION

Because the arbitration award at issue in this proceeding has not been vacated, modified, or corrected and the Court finds that the award is final concerning the issues "submitted in the demand for arbitration," the Court will confirm the award. *See, e.g., Stafford v. Baart Behavioral Health Servs.*, CV 15-252-GW (MRWx), 2020 U.S. Dist. LEXIS 252987, at *7 (C.D. Cal. Mar. 11, 2020) ("'Normally, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984), and the court "must grant" the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9.' *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2nd Cir. 2006)").

Despite that fact that the Arbitrator's denial of Defendant's "requests for declaratory relief or alternatively injunctive relief concerning Gopher's debt and the Collateral securing the debt," Final Award (ECF No. 1-2) at 37, was not a denial on the merits,[2] the Court finds that the Arbitrator's decision is final. Because Defendant failed to raise its request for declaratory and/or injunctive relief before the Arbitrator in a timely manner, those issues are deemed waived. *Dooley v. Federated Law Grp., PLLC*, Civil Action File No. 1:16-cv-4703-SCJ, 2019 U.S. Dist. LEXIS 239168, at *7-8 (N.D. Ga. Nov. 26, 2019) ("Where a party fails to raise an issue before an arbitrator, '[t]he matter is [thereafter] deemed waived, irrespective of whether [the] court [enters] a final order confirming the arbitration award.'" (quoting *Clark Realty Builders, LLC v. Falls at Marina Bay, L.P.*, No. 05-60089-CIV, 2007 WL

---

[2] The Arbitrator specifically states: "Issues relating to foreclosure on 'the Collateral' securing Gopher's obligations under the SPA and Indenture are not before this tribunal for arbitration." Final Award (ECF No. 1-2) at 37. The Arbitrator also agrees with Plaintiffs that Gopher attempts "to raise a new issue on a matter that was not raised at the Arbitration hearing and on which no evidence was presented" and that "raising the question at this late stage violates the notice provisions of JAMS Streamlined Rule 7(a) . . . ." *Id.*

9751796, at *3 (S.D. Fla. May 18, 2007) and citing *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993) ("Failure to present an issue before an arbitrator waives the issue in an enforcement proceeding. Parties . . . cannot stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court."); *Int'l Bhd. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.*, 576 F. Supp. 1128, 1134 (S.D. Fla. 1983) ("[A]n adverse party who fails to raise substantive defenses before an arbitrator waives the right to argue those defenses before a reviewing court.") (other citations omitted)).

## IV. CONCLUSION

Based upon the foregoing, the Court will grant Plaintiffs' Application to Confirm Arbitration Award (ECF No. 1) and grant in part and deny in part Defendant's Motion to Confirm the Arbitration Award; Address the Outstanding Issue Regarding Whether Plaintiffs' Rights are Subordinated to Other Creditors and, thereafter, Oversee a Commercially Reasonable Foreclosure Sale (ECF No. 28). Accordingly, it is hereby

**ORDERED** that the Order (ECF No. 52), entered March 30, 2022, is **VACATED**; it is further

**ORDERED** that Plaintiffs' Application to Confirm Arbitration Award (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Defendant's Motion to Confirm the Arbitration Award; Address the Outstanding Issue Regarding Whether Plaintiffs' Rights are Subordinated to Other Creditors and, thereafter, Oversee a Commercially Reasonable Foreclosure Sale (ECF No. 28) is **GRANTED, IN PART**, to the extent that Defendant requests the Court to confirm the arbitration award, and **DENIED, IN PART**, to the extent that Defendant requests the Court to determine whether Plaintiffs' rights are subordinated to other creditors and to oversee a commercially reasonable foreclosure sale; it is further

**ORDERED** that the Final Award of Arbitrator Hon. Philip M. Pro (Ret.), dated January 31, 2020 (ECF No. 1-2), is **CONFIRMED**; it is further

**ORDERED** that Plaintiffs' Motion to Set Hearing on Application to Confirm Arbitration Award (ECF No. 25) is **MOOT**; it is further

*Discover Growth Fund, LLC, et al. v. GPT Technologies, Inc.*
Case No. 3:20-cv-00012-RAM-RM
Order
Page 5 of 5

**ORDERED** that the Clerk of Court **CLOSE THIS CASE**.

**Dated:** January 25, 2024

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

CERTIFIED A TRUE COPY THIS
DAY OF June 20 24
GLENDA L. LAKE, ESQ.
CLERK OF COURT
by _____
DEPUTY